IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02061-PAB-KLM

ROBERT STEVEN DYE,

      Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS, on behalf of the State of
Colorado as employer of Steve Bade and Warden Kevin Milyard,
STEVE BADE, individually and as employee of the Colorado Department of
Corrections,
WARDEN KEVIN MILYARD, individually and as supervisor of Steve Bade,
DARIN POOLE, individually and as a former employee of the Sedgwick County Sheriff's
Office and Sedgwick County Sheriff,
SEDGWICK COUNTY SHERIFF RANDY PECK, individually and as Sheriff of Sedgwick
County, Colorado,
THE BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY,
COLORADO as a governmental entity and the Commissioners thereof as the governing
entity thereof, and
THE TOWN BOARD OF THE TOWN OF JULESBURG as a public entity and as
governing members thereof, in their official capacities,

      Defendants.

---

## ORDER

---

      This matter is before the Court on the Motion for Remand [Docket No. 49] filed

by plaintiff Robert Steven Dye.  In his motion, plaintiff requests that the Court remand

his state law claims to the District Court for the County of Sedgwick, Colorado.  Docket

No 49 at 1-2.

      On July 3, 2012, plaintiff filed a complaint in the District Court for the County of

Sedgwick, Colorado, asserting claims against defendants pursuant to state and federal

law.  *See* Docket No. 3 at 5-8.  On August 6, 2012, defendants removed the case to

this Court pursuant to 28 U.S.C. § 1331.  Docket No. 1.  Defendants then filed motions

to dismiss plaintiff's state and federal claims pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6).  *See* Docket Nos. 14, 17.  On March 26, 2013, the Court issued an Order

[Docket No. 47] dismissing plaintiff's federal claims.  Because the order dismissed all of

plaintiff's federal claims, the Court declined to exercise supplemental jurisdiction over

plaintiff's state law claims and dismissed those claims without prejudice.  Docket No. 47

17-18.  On March 27, 2013, Final Judgment entered [Docket No. 48].

    In the present motion, plaintiff requests that the Court remand his state law

claims and notify the state district court that his state law claims were dismissed without

prejudice.  Docket No. 49 at 2.  Plaintiff's motion appears to argue that, when a federal

court declines to exercise supplemental jurisdiction over removed state law claims,

remand of those claims is the only appropriate remedy.  *Id*.  In support, plaintiff states

that remand is required because the Court's dismissal "does not appear to provide a

procedure for letting the state court know about what [the Court] has done."  *Id*.  In

addition, plaintiff states that remand is proper because his state law claims may be

time-barred by the applicable statute of limitations.[1]  *Id*.

    Generally, the pre-trial dismissal of all federal claims necessitates dismissal of all

pending state law claims without prejudice.  *McWilliams v. Jefferson Cnty.*, 463 F.3d

1113, 1117 (10th Cir. 2006).  However, the Supreme Court has held that dismissal is

---

[1]In Colorado, claims of assault, battery, false imprisonment, false arrest, libel, and slander are subject to a one-year statute of limitations.  Colo. Rev. Stat. § 13-80-103(1)(a).  Plaintiff filed his state court complaint on July 3, 2012 and alleges that defendants' actions occurred on July 4, 2011.  *See* Docket No. 3.  Accordingly, plaintiff's state law claims appear to have been timely when before this Court.

not a per se rule and that a district court has discretion either to remand or dismiss pendent claims over which it declines to exercise jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *accord Thompson v. City of Shawnee*, 464 F. App'x 720, 726 (10th Cir. 2012) (district court has discretion either to remand or dismiss pendent claims over which it declines to exercise jurisdiction).  To determine whether to exercise supplemental jurisdiction over pendent state law claims, a federal court should "weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon*, 484 U.S. at 350; *accord Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (noting that courts should dismiss without prejudice pendent state law claims when all federal issues in the case have been decided, "absent compelling reasons to the contrary").  Similarly, Colorado law recognizes that "if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction [over the state law claims], the plaintiff may refile those claims in state court." *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834 (Colo. App. 1996) (citing 28 U.S.C. § 1367(d)).

In this case, the Court finds that it was not improper to dismiss plaintiff's state law claims without prejudice.  As noted by the Colorado Court of Appeals, the statute of limitations period for a pendent state law claim "is tolled while [the] claim is pending in federal court and for 30 days after it is dismissed unless state law provides for longer tolling period." *Dalal*, 934 P.2d at 834.  Thus, after the Court dismissed without

3

prejudice plaintiff's state law claims, he had 30 days to re-file his claims in state court. *See* 28 U.S.C. § 1367(d) (noting that the statute of limitations for pendent state law claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").  Because plaintiff had at least 30 days to re-file his state law claims after the Court's dismissal order, the Court finds that a dismissal of plaintiff's claims, rather than a remand, does not offend notions of comity or fairness.  *See Endris v. Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) (noting that "any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims have been dismissed").

Accordingly, it is

**ORDERED** that plaintiff's Motion for Remand [Docket No. 49] is **DENIED**.


DATED May 28, 2013.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge